# RUBIN, FIORELLA & FRIEDMAN LLP

ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

**MEMO ENDORSED**

WRITER'S DIRECT DIAL:
E-MAIL:   (212) 447-4604
PKovner@rubinfiorella.com

March 16, 2006

<u>Via Facsimile 212-805-7968</u>

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/06
```

Re:   Waxman v. Puccio
      Docket No.:   05 CV 10503 (KMK)
      Our File No.: 557-6971

Dear Judge Karas:

We represent the defendant Thomas Puccio in the above referenced matter.

We respectfully request a pre-motion conference for a motion to dismiss the complaint in lieu of answer. Previously, the parties stipulated to extend the time to move or answer to March 16, 2006. We requested the extensions because we had not yet received defendant's files with respect to the underlying case. We still do not have the relevant files, but plaintiff, perhaps understandably, was unwilling to grant a further extension.

We would like to move to dismiss the plaintiff's complaint on the grounds that:

   a.   The complaint should be stayed or dismissed pursuant to the Federal Arbitration Act because the retainer agreement between the parties requires that any fee dispute should be resolved by arbitration. <u>Milgrim v. Backroads, Inc.</u>, 142 F.Supp.2d 471, 476 (S.D.N.Y. 2001); <u>Spray Hondings, Ltd. v. Pali Financial Group, Inc.</u>, 269 F.Supp.2d 356, 366 (S.D.N.Y. 2003).

   b.   The allegation of fraud in the inducement does not meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. <u>Wood v. Inc. Village of Patchogue of New York</u>, 311 F.Supp.2d. 344, 351

Our File No.: 557-6971
Page -2-

        (E.D.N.Y. 2004); Hampshire Equity Partners v. Teradyne, Inc., 2005 WL 736217, at 2 (S.D.N.Y.).

c.    Plaintiff does not have a valid legal malpractice cause of action since she cannot allege that "but for" defendant's negligence she would have been successful in her action. Hand v. Silverman, 15 AD3d 167, 167 (1st Dept 2005), lv denied 5 NY3d 707 (2005); Edwards v. Haas, Greenstein, Samson, Cohen & Gerstein, 17 AD3d 517, 519 (2d Dept. 2005).

d.    Plaintiff's claims of legal malpractice and breach of fiduciary duty are not timely. DeCarlo v. Ratner, 204 F.Supp.2d 630, 635 (S.D.N.Y. 2002); Cooper v. Parsky, 140 F.3d 433, 440-441 (2d Cir. 1998).

Defendant Thomas Puccio would be prejudiced if he is not permitted to make this motion since he would have to expend substantial time and resources in answering the complaint and engaging in discovery.

Respectfully,

*[signature]*

Paul Kovner

PK:mb

cc:    Benjamin, Brotman & Associates, P.C. (Via Facsimile 212-829-1518)

RUBIN, FIORELLA & FRIEDMAN LLP

---

*[Handwritten order:]* Plaintiff is directed to respond to this letter by March 23, 2006. The Court will hold a pre-motion conference on April 7, 2006 at 12 p.m. Defendant's time to answer or otherwise respond to the complaint is stayed until the conference, on the assumption that counsel for Defendant will make a diligent, good faith [effort] to obtain Defendant's files.

SO ORDERED

*[signature]*
KENNETH M. KARAS U.S.D.J.
3/17/06