Paul Kovner (PK-7448)
Yoon Han (YH-7602)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANITA WAXMAN,                                      2005 CV 10503 (KMK)

                               Plaintiff,

   - against -

THOMAS PUCCIO,

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT THOMAS PUCCIO'S MOTION
TO DISMISS THE AMENDED COMPLAINT
AND COMPEL ARBITRATION**

Paul Kovner (PK-7448)
Yoon Han (YH-7602)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANITA WAXMAN,                                              2005 CV 10503 (KMK)

                Plaintiff,

- against -

THOMAS PUCCIO,

                Defendant.

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT THOMAS PUCCIO'S MOTION
TO DISMISS THE AMENDED COMPLAINT
AND COMPEL ARBITRATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I.    PLAINTIFF'S AMENDED COMPLAINT SHOULD BE
DISMISSED AND HER CLAIMS SHOULD
BE REFERRED TO ARBITRATION
PURSUANT TO THE RETAINER AGREEMENT . . . . . . . . . . . . . . . . . 2

        a.    The Federal Arbitration Act Requires that
the Matter Be referred to Arbitration where
the Parties Have Agreed to Arbitrate . . . . . . . . . . . . . . . . . . . . . . . .2

        b.    Plaintiff's Claims Should Be Referred to
Arbitration Because There Was a Valid
Agreement to Arbitrate and the scope of
the Agreement Encompasses her Claims . . . . . . . . . . . . . . . . . . . .3

        c.    Plaintiff's Amended Complaint Should Be Dismissed
Because All the Issues Raised in the
Instant Action Lie Within the Scope of
the Arbitration Clause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

### Cases

ACE Capital Re v. Central United Life Insurance Co.,
   307 F.3d 24, 30 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Associated Brick Mason Contractors, Inc. v. Harrington,
   820 F.2d 31, 35 (2nd Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

AT&T Technologies, Inc. v. Communications Workers of America,
   475 U.S. 643, 650, 10 S.Ct. 1415, 1419 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Berger v. Cantor Fitzgerald Sec.,
   967 F.Supp. 91, 93 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Buckwalter v. Napoli, Kaiser & Bern LLP,
   2005 WL 736216 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Dean Witter Reynolds Inc. v. Byrd,
   470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) . . . . . . . . . . . . . 2

Deloitte Noraudit A/S v. Deloitte Haskins & Sells,
   9 F.3d 1060, 1063 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

First Options of Chicago, Inc. v. Kaplan,
   514 U.S. 938, 944, 115 S.Ct. 1920, 1924 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

General Textile Printing & Processing Corp. V. Expromtorg International Corp.,
   891 F.Supp. 946, 954-55 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Genesco, Inc. v. T. Kakiuchi & Co.,
   815 F.2d 840, 844 (2nd Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.,
   858 F.2d 825, 830 (2nd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

Milgrim v. Backroads, Inc.,
   142 F.Supp.2d 471, 476 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

Moses H. Cone Mem. Hosp. v. Mercury Cons. Co.,
    460 U.S. 1, 103 S.Ct. 927, 74 L.Ed. 2d 765 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NPS Communications, Inc. v. Continental Group, Inc.,
    760 F.2d 463, 465 (2nd Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Progressive Casualty Ins. v. C.A. Reaseguradora Nacional De Venezuela,
    991 F.2d 42, 45 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rizzo v. The MacManus Group, Inc.,
    158 F.Supp.2d 297, 301 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Spray Holdings, Ltd. v. Pali Financial Group, Inc.,
    269 F.Supp.2d 356 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United Steel Workers of America v. Warrior & Gulf Navigation Co.,
    363 U.S. 574, 582, 80 S.Ct. 1347, 1353 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### Statues

9 U.S.C.A. §§ 1-16, et. seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

9 U.S.C.A. § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **PRELIMINARY STATEMENT**

Defendant Thomas Puccio ("Puccio") submits this Memorandum of Law in support of his Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative stay the action, and compel arbitration on the grounds that the parties agreed to resolve all disputes in arbitration.

This action stems from a heavily contested matrimonial action, in which Puccio represented plaintiff as her attorney. After her matrimonial action was successfully settled, plaintiff commenced this action against Puccio. The Amended Complaint[1] includes the following causes of action:

(a) Breach of contract;

(b) Violation of Judiciary Law § 487;

(c) Unjust enrichment;

(d) Misappropriation of plaintiff's funds;

(e) Fraud in the inducement;

(f) Legal malpractice; and

(g) Breach of fiduciary duty.

The Federal Arbitration Act requires that where the parties have agreed to arbitrate, they must do so in lieu of going to court. 9 U.S.C.A. §§ 1-16, et. seq. Here, both parties agreed to arbitrate any dispute pursuant to the retainer agreement. Accordingly, the plaintiff's Amended Complaint should be dismissed and this matter should be referred to arbitration.

---

[1] After a pre-motion conference was held on April 7, 2006, plaintiff served an amended Amended Complaint which corrected the pleading deficiencies which Puccio originally intended to assert as grounds for a motion to dismiss in lieu of Answer.

## ARGUMENT
## POINT I

**PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AND HER CLAIMS SHOULD BE REFERRED TO ARBITRATION PURSUANT TO THE RETAINER AGREEMENT**

a. **The Federal Arbitration Act Requires that the Matter Be referred to Arbitration where the Parties Have Agreed to Arbitrate**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, et. seq., "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 830 (2nd Cir. 1988) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985)) (emphasis in original). Specifically, the FAA provides that, if a suit is brought in federal court:

> upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such an arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement... 9 U.S.C.A. §3.

Under section 3 of the FAA, "where a court is satisfied that a dispute is arbitrable, it must stay proceedings and order the parties to proceed to an arbitration." Milgrim v. Backroads, Inc., 142 F.Supp.2d 471, 476 (S.D.N.Y. 2001) (quoting Berger v. Cantor Fitzgerald Sec., 967 F.Supp. 91, 93 (S.D.N.Y. 1997)).

### b. Plaintiff's Claims Should Be Referred to an Arbitration Because there was a Valid Agreement to Arbitrate and the scope of the Agreement Encompasses <u>her Claims</u>

In determining whether a dispute is arbitrable, courts have followed a two-step inquiry: (a) whether the parties agreed to arbitrate; and (b) whether the scope of that agreement encompasses the asserted claims." <u>Deloitte Noraudit A/S v. Deloitte Haskins & Sells</u>, 9 F.3d 1060, 1063 (2nd Cir. 1993) (quoting <u>Progressive Casualty Ins. v. C.A. Reaseguradora Nacional De Venezuela</u>, 991 F.2d 42, 45 (2nd Cir. 1993)). To answer the first step inquiry, courts generally look to the state contract law to determine whether the parties agreed to arbitrate. <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944, 115 S.Ct. 1920, 1924 (1995).

In the case at bar, there is no dispute as to the formation of the arbitration agreement. The parties entered into a retainer agreement wherein they agreed to arbitrate disputes at either party's election. See ¶ 13 of Retainer Agreement (Ex. "B", Kovner Aff.). Specifically, the arbitration clause states, as follows:

> 13. You have the right to pursue binding arbitration in the event of a fee dispute, in which event we will, at your request, provide you with information as to the procedure. In the event that you do not elect such an arbitration, at our election, <u>any dispute</u> may be resolved by arbitration in New York City pursuant to the then-obtaining rules of the American Arbitration Association. Judgment may be entered on the award of any arbitrator in any court having jurisdiction thereof. (emphasis supplied)

Since the retainer agreement is incorporated into plaintiff's Complaint by reference, the Court may consider its contents for the purpose of this motion. <u>Rizzo v. The MacManus Group, Inc.</u>, 158 F.Supp.2d 297 (S.D.N.Y. 2001).

3

While the Amended Complaint alleges that the plaintiff was fraudulently induced into retaining the defendant, such a general allegation cannot preclude enforcing the arbitration clause. In order for plaintiff to avoid the applicability of the arbitration clause, she has to have specifically alleged that the arbitration clause was fraudulently induced. See, ACE Capital Re v. Central United Life Insurance Co., 307 F.3d 24, 30 (2nd Cir. 2002). In ACE, the Second Circuit held that arbitration clauses in contracts are severable and will be enforced, unless the party seeking rescission specifically alleges that the arbitration clause itself is voidable. Id. Since the Amended Complaint does not specifically allege that the plaintiff was fraudulently induced to enter into the arbitration agreement, there is no dispute as to the formation of the arbitration agreement itself.

As for the second-step inquiry on whether the scope of the arbitration agreement encompasses the asserted claims, the arbitration agreement is broad enough that there should be no question as to the arbitrability of plaintiff's claims.

Consistent with the ongoing trend in federal courts favoring arbitration, the Supreme Court has held that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Mem. Hosp. v. Mercury Cons. Co., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed. 2d 765 (1983). The strong federal presumption in favor of arbitrability applies with greater force when an arbitration clause is a broad one. McDonnell, 858 F.2d at 832. Moreover, "[t]he existence of an arbitration clause in [an agreement] raises a presumption of arbitrability that can be overcome only if 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" Associated Brick Mason Contractors, Inc. v. Harrington, 820 F.2d 31, 35 (2nd Cir. 1987) (quoting AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 10 S.Ct.

4

1415, 1419 (1986)) (quoting United Steel Workers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353 (1960))).

At bar, the arbitration clause states that "In the event that you do not elect such an arbitration, at our election, any dispute may be resolved by arbitration in New York City pursuant to the then-obtaining rules of the American Arbitration Association." See ¶ 13 of Retainer Agreement (Ex. "B", Kovner Aff.) (emphasis supplied). The scope of the subject arbitration clause would encompass "any dispute." It is worded as broadly as possible. Therefore, plaintiff's claims would be included in the scope of the arbitration clause.

As stated above, there is a presumption of arbitrability due to the existence of an arbitration clause in the retainer agreement. That presumption can be overcome only if it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Associated, 820 F.2d at 35. Here, it is next to impossible to overcome such presumption of arbitrability. To do so, the plaintiff would have to argue "with positive assurance" that her disputes are outside the scope of "any dispute."

Even assuming *arguendo* that the scope of the arbitration clause is much narrower and the arbitration clause only applies to fee disputes between the parties, the plaintiff would have to argue "with positive assurance" that her disputes are outside the scope of fee disputes. If there is any doubt, it should be resolved in favor of arbitration. See Associated, supra.

Moreover, even if the arbitration clause is interpreted narrowly, plaintiff's claims should be arbitrated because they are predominantly fee disputes. The first cause of action alleges breach of contract. Specifically, plaintiff alleges that defendant Puccio breached the retainer agreement

5

because the defendant failed to provide plaintiff with itemized statement of charges every 60 days "for services he allegedly rendered in exchange for his receipt of approximately $525,000.00 in legal fees..." See ¶ 33 of Amended Complaint (Ex ."A", Kovner Aff.). In other words, the first cause of action demands the legal fees paid to Puccio because Puccio allegedly breached the retainer agreement. Although the first cause of action is disguised as an allegation of breach of contract, it is, in reality, a fee dispute.

The second cause of action alleges that Purccio violated Judiciary Law §487 for his alleged deceitful conduct toward plaintiff and the Court in failing to send billing statements every 60 days and by backdating the written retainer agreement. See ¶ 36 of Amended Complaint (Ex ."A", Kovner Aff.). Once again, this cause of action alleges that Puccio is guilty of wrongdoing because he allegedly failed to properly account for the billing of his legal fees. This cause of action is also, in reality, a fee dispute.

The third cause of action alleges that Puccio was unjustly enriched in the amount of $525,000.00, the legal fees alleged in the first cause of action. See ¶ 39 of Amended Complaint (Ex ."A", Kovner Aff.). Simply put, here, plaintiff alleges that Puccio should not have earned $525,000.00 in legal fees for the services he provided.

The fourth cause of action alleges that Puccio failed to itemize its bills and wrongly took the plaintiff's funds from plaintiff's accounts for "legal fees." See ¶ 41 of Amended Complaint (Ex ."A", Kovner Aff.). Although this cause of action is disguised as one for misappropriation of funds, it is, in reality, a dispute about the legal fees. It should also be noted that while plaintiff alleges misappropriation of funds, plaintiff does not challenge that the funds were taken out for "legal fees."

Rather, plaintiff only challenges that said legal fees were not properly accounted for. Accordingly, this is another cause of action that falls within the retainer agreement, even if the arbitration provision is narrowly construed.

The fifth cause of action alleges that Puccio violated Judiciary Law §487. The facts alleged in the fifth cause of action are duplicative of the fourth cause of action, wherein Puccio allegedly disbursed legal fees from plaintiff's funds. See ¶ 44 of Amended Complaint (Ex ."A", Kovner Aff.). Hence, this cause of action is also about fee dispute.

The sixth cause of action also raises a fee dispute issues as it states, "by falsely assuring plaintiff that he would bring in outside counsel to assist him and pay their fees directly from his fees, defendant fraudulently induced plaintiff to retain him in her contested matrimonial action." See ¶ 47 of Amended Complaint (Ex ."A", Kovner Aff.). The underlying claim in this cause of action is that Puccio failed to pay the outside counsel's fees from his legal fees.

In cases where the arbitrable claims predominate in the lawsuit, courts have consistently referred the entire action to an arbitration, because proceeding with litigation with remaining claims may impact upon the arbitration, but referring the entire case to an arbitration would not greatly affect any federal interest. General Textile Printing & Processing Corp. V. Expromtorg International Corp., 891 F.Supp. 946, 954-55 (S.D.N.Y. 1995); See also Genesco, supra, 815 F.2d at 856; McDonnell, 858 F.2d at 830; NPS Communications, Inc. v. Continental Group, Inc., 760 F.2d 463, 465 (2nd Cir.1985).

Here, six out of eight causes of action fall within the scope of a fee dispute. Of the remaining two, one is a cause of action for legal malpractice and the other is for breach of fiduciary duty. It

should be noted that the cause of action for breach of fiduciary duty partly relies on the facts of the alleged wrongful fee disbursements. Accordingly, the issue of fee dispute predominates in the Amended Complaint. Puccio contends that the arbitration provision encompass "any dispute." However, even if the provision is narrowly construed, this action should still be referred to an arbitration.

  c. **Plaintiff's Amended Complaint Should Be Dismissed Because All the Issues Raised in the Instant Action Lie Within the Scope of the Arbitration Clause**

While the section 3 of the FAA requires a federal court to stay an action to resolve a dispute subject to an arbitration agreement between the parties, when all of the issues raised in a litigation lie within the scope of an arbitration agreement, courts have the discretion to dismiss the action rather than issue an order directing a stay. See, Buckwalter v. Napoli, Kaiser & Bern LLP, 2005 WL 736216 (S.D.N.Y.); Spray Holdings, Ltd. v. Pali Financial Group, Inc., 269 F.Supp.2d 356 (S.D.N.Y. 2003); Milgrim v. Backroads, Inc., 142 F.Supp.2d 471 (S.D.N.Y. 2001).

As detailed above, all of the issues raised in this litigation lie within the scope of the arbitration agreement. The Court, therefore, has the discretion to dismiss the action. Rather than waste valuable judicial resources, plaintiff's Amended Complaint should be dismissed and the parties should arbitrate the disputes pursuant to the arbitration clause.

## CONCLUSION

This action arises from a heavily contested matrimonial action where the plaintiff was represented by the defendant. After the successful settlement of the underlying action, the plaintiff brought this action against the defendant for breach of contract and various other causes of action. However, the parties agreed to an arbitration in the retainer agreement for "any dispute." Because there is no issue as to the formation of such an agreement and that the disputes raised by the plaintiff are well within the scope of such an arbitration clause, the plaintiff's Amended Complaint should be dismissed and the matter should be referred to an arbitration.

Dated: New York, New York
July 17, 2006

Yours, etc.,

RUBIN, FIORELLA & FRIEDMAN LLP

By: /s/ Paul Kovner

Paul Kovner (PK-7448)
Attorneys for Defendant
THOMAS PUCCIO
292 Park Avenue, 11th Floor
New York, New York 10017
(212) 953-2381