Paul Kovner (PK-7448)
Yoon Han (YH-7602)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANITA WAXMAN,                                              2005 CV 10503 (KMK)

                            Plaintiff,

   - against -

THOMAS PUCCIO,

                          Defendant.

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT THOMAS PUCCIO'S MOTION TO DISMISS THE
## AMENDED COMPLAINT AND COMPEL ARBITRATION

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT

      POINT I.    PLAINTIFF'S CLAIMS SHOULD BE
                           RESOLVED IN ARBITRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

                         a.    22 N.Y.C.R.R. §137 Is Not Applicable to this Case . . . . . . . . . . . 1

                         b.    Plaintiff's Claims Fall Within the Scope of the
                                Arbitration Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

Cases

Associated Brick Mason Contractors, Inc. v. Harrington,
    820 F.2d 31 (2nd Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

AT&T Technologies, Inc. v. Communications Workers of America,
    475 U.S. 643, 10 S.Ct. 1415 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Buckwalter v. Napoli, Kaiser & Bern LLP,
    2005 WL 736216 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.,
    858 F.2d 825 (2nd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rochdale Village, Inc. v. Public Service Employees Union, Local No. 80,
    605 F.2d 1290 (2d 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United Steel Workers of America v. Warrior & Gulf Navigation Co.,
    363 U.S. 574, 80 S.Ct. 1347 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statutes

22 N.Y.C.R.R. § 137 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## POINT I

## PLAINTIFF'S CLAIMS SHOULD BE RESOLVED IN ARBITRATION

The thrust of defendant's motion is that pursuant to the Federal Arbitration Act ("FAA"), plaintiff's complaint should be dismissed or stayed in favor of arbitration, because the arbitration agreement is valid and the disputes raised by the plaintiff fall within the scope of the agreement. Moreover, because of the existence of the arbitration agreement, there is a strong presumption of arbitrability, which plaintiff has failed to overcome in her opposing memorandum.

Defendant's motion is not based on the assertion that the claims set forth in the complaint are simply fee disputes, as plaintiff incorrectly contends. Rather, defendant argued, in the alternative, that even if the Court interpreted the arbitration agreement narrowly to apply only to fee disputes, the complaint should still be dismissed in favor of arbitration. However, defendant does not believe such a narrow interpretation is warranted. Rather, the agreement provides that **any** dispute between plaintiff and defendant should be resolved by arbitration.

    a.    **22 N.Y.C.R.R. §137 Is Not Applicable to this Case**

Under the FAA, courts have only considered: a) whether there exists an agreement to arbitrate; and b) its scope. Buckwalter v. Napoli, Kaiser & Bern LLP, 2005 WL 736216 (S.D.N.Y.). Plaintiff contends that there was no valid agreement to arbitrate, or that arbitration does not apply to her claims, because the Retainer Agreement violated the procedures for arbitration set forth in 22 N.Y.C.R.R. § 137 ("Part 137"). Plaintiff is simply wrong.

1

The purpose of Part 137 was to establish an informal and expeditious process to resolve fee disputes between $1,000 and $50,000 where no substantial legal questions were involved. Thus, as plaintiff noted in her memorandum, Part 137 expressly does not apply to disputes involving professional malpractice or misconduct. In the instant action, the amount in dispute is at least $250,000 and plaintiff alleges that defendant committed malpractice, or engaged in misconduct. Clearly, therefore, Part 137 does not apply.

  b. **Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement**

The applicable portion of the agreement to arbitrate, which is contained in the Retainer Agreement, provides, as follows:

> "In the event that you do not elect such an arbitration, at our election, any dispute may be resolved by arbitration in New York City pursuant to the then-obtaining rules of the American Arbitration Association." See ¶ 13 of Retainer Agreement (Ex. "B", Kovner Aff.) (emphasis supplied).

Because of the existence of the arbitration agreement, there is a strong presumption of arbitrability and any doubts as to the arbitrability of the disputes should be resolved in favor of arbitration. Associated Brick Mason Contractors, Inc. v. Harrington, 820 F.2d 31, 35 (2nd Cir. 1987) (quoting AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 10 S.Ct. 1415, 1419 (1986)) (quoting United Steel Workers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353 (1960)).

Even assuming, *arguendo*, that the scope of the arbitration agreement is limited to a fee dispute as plaintiff claims, the arbitration agreement still creates the presumption of arbitrability. Yet, plaintiff has failed to address the issue of overcoming the presumption of arbitrability in her memorandum.

Plaintiff merely contends, in conclusory fashion, that since the Retainer Agreement was drafted by defendant, any ambiguity must be read against him. Notably, however, plaintiff fails to explain how the arbitration agreement is ambiguous.

The term "any dispute" in the arbitration agreement means just that - any dispute between plaintiff and defendant is subject to arbitration. There cannot be any other logical interpretation. It is not, as plaintiff suggests, limited to a fee dispute. Indeed, courts have held that agreements to arbitrate "any and all disputes" should be interpreted very broadly. McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 832 (2d Cir. 1987) (citing Rochdale Village, Inc. v. Public Service Employees Union, Local No. 80, 605 F.2d 1290 (2d 1979)). Accordingly, the arbitration agreement is not limited to a fee dispute.

## CONCLUSION

For all the foregoing reasons, plaintiff's complaint should be dismissed or, in the alternative, the action should be stayed in favor of arbitration.

Dated: New York, New York
September 6, 2006

Yours, etc.,

RUBIN, FIORELLA & FRIEDMAN LLP

By: _____
Paul Kovner (PK-7448)
Attorneys for Defendant
THOMAS PUCCIO
292 Park Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

3