UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANITA WAXMAN,                                   :

                Plaintiff,                       :

   -against-                                   :    Case No. 05 CV 10503 (KMK)


THOMAS PUCCIO,                                  :

                Defendant.                       :

-------------------------------------------------------------X


**MEMORANDUM OF LAW
IN OPPOSITION TO
MOTION TO DISMISS OR STAY**

# TABLE OF AUTHORITIES

## Cases

*Bennett v. Ky. Dep't of Educ.*, 470 U.S. 656, 666, 105 S. Ct. 1544,
1551, 84 L. Ed.2d 590 (1985) ..................................................................5

*Bishop v. Bishop*, 295 A.D.2d 382, 743 N.Y.S.2d 724 (2nd Dept. 2002)..................8

*Dean Witter Reynolds Inc. v. Bird*, 470 U.S. 214, 105 S. Ct.
1238, 84 Lawyers Ed.2d 158 (1985)..........................................................3

*Deloitte Noraudit A/S v. Deloitte Haskins & Sells*, 9 F.3d 1060,
1063 (2nd Cir. 1993)................................................................................6

*Julien v. Machson*, 245 A.D.2d 122, 666 N.Y.S.2d 147 (1st Dept. 1997) ...............8

*Kaplowitz v. Newman*, 185 Misc.2d 205, 713 N.Y.S.2d 115
(App. Term 2nd Dept. 2000)......................................................................9

*M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 435 F.3d 127,
142 (2005)...............................................................................................5

*McDonnell-Douglas Finance Corp. v. Pennsylvania Power & Light
Co.*, 858 F.2d 825 (2nd Cir. 1988) ............................................................3

*Mulcahy v. Mulcahy*, 285 A.D.2d 587, 728 N.Y.S.2d 90 (2nd Dept. 2001).............8

*Westview Assocs. v. Guar. Nat'l Ins. Co.*, 95 N.Y.2d 334, 339,
740 N.E.2d 220, 222, 717 N.Y.S.2d 75, 77 (2000)....................................5

## Statutes

9 U.S.C.A. §3....................................................................................1, 3

22 N.Y.C.R.R. § 137...............................................................3, 4, 5, 6, 7, 8

22 N.Y.C.R.R. §1400..................................................................................2, 8

Judiciary Law § 487....................................................................................2

## PRELIMINARY STATEMENT

Plaintiff, Anita Waxman ("Waxman"), submits this memorandum of law in opposition to the Defendant's ("Puccio"), motion to dismiss the amended complaint or, in the alternative, staying this action and compelling arbitration.

This action follows a contested matrimonial action in Supreme Court, New York County in which Puccio represented Plaintiff. After the matrimonial was resolved, Plaintiff commenced this action seeking redress of and damages for Puccio's fraudulent, deceitful and incompetent conduct as her counsel.

The primary thrust of Defendant's motion is that this is a "fee dispute" which the parties agreed to arbitrate. Defendant's Memo, p. 5. But this action is *not* a fee dispute. Since, despite the clear requirement of paragraph 3 of his retainer agreement that he do so, Defendant never submitted a bill for his services (Complaint, ¶5B), he has never asserted any fee for Plaintiff to dispute. Rather, this is an action for damages by reason of Puccio's breaches of fiduciary duty, his incompetent representation, and his failure to obey the New York rules governing matrimonial attorneys.

Since the only type of dispute referred to in paragraph 13, the arbitration clause in Defendant's retainer agreement, is a "fee dispute,"[1] there is no agreement to arbitrate this dispute, and therefore, there is no "...issue referable to arbitration...," 9 U.S.C.A. §3 -- the essential starting point for arbitration under either the Federal or the State system.

Furthermore, even if this were a fee dispute, the arbitration provision Defendant relies upon to support his desire to arbitrate, would be unenforceable since it fails to comply with the applicable New York State rules governing fee arbitrations.

---

[1] The reference in the third line to "any dispute" clearly refers back to "fee dispute" in the first line and does not expand the scope of the parties' agreement.

1

Lastly, the applicable state rules specifically exclude from arbitration claims for legal malpractice, misconduct and damages – all of which are presented by this action.

## THE COMPLAINT

The Amended Complaint, which is annexed to counsel's moving affirmation as Exhibit A, alleges eight causes of action against Puccio:

A. *Breach of Contract* in that Puccio failed to comply with paragraph 3 of his own retainer agreement by his willful failure to provide his client with an itemized bill for his purported services rendered or any accounting of sums received. Puccio's conduct is also alleged to violate 22 N.Y.C.R.R. §1400.3 which requires an attorney in a matrimonial action to forward an itemized bill to the client at least every sixty days.

B. *Violation of Judiciary Law § 487* in that by failing to provide his client with an itemized bill at least every sixty days and by backdating his retainer agreement in order to induce the matrimonial trial court to award him a counsel fee, Puccio engaged in fraudulent, dishonest, and deceitful conduct requiring an award of treble damages. Additionally, Puccio represented on the record to the trial court that he maintained copious time records which he would submit in support of his fee application, none of which he produced to the Court, and which, we now know, based upon his counsel's representation to this Court at our conference, does not exist.

C. *Unjust enrichment* in that Puccio, by obtaining substantial sums from Waxman without ever accounting for those funds, unjustly enriched himself to the detriment of Waxman.

D. *Misappropriation of Waxman's funds* in that Puccio without Waxman's knowledge or consent withdrew substantial sums from an account he was maintaining on behalf of Waxman, allegedly to be applied towards his counsel fees, but never accounted to Waxman for those funds.

E. *Fraud in the inducement* in that Puccio falsely represented to Waxman that he was an experienced, competent matrimonial attorney but that if he needed to bring in additional counsel, he would pay such counsel from his fees. Instead, Waxman paid over $300,000.00 to additional counsel because Puccio was not competent to handle her contested matrimonial action.

F. *Legal malpractice* in that Puccio failed to render legal services, in accordance with the acceptable standards, practices, and custom applied to matrimonial counsel in the State of New York, and that if not for Puccio's omissions and

affirmative acts of malpractice, Waxman would have obtained a better result in her matrimonial action.

G. *Breach of fiduciary duty* in that Puccio breached his duty to Waxman by first failing to disclose to her his professional relationship with her husband's attorneys and then by withdrawing Waxman's funds for purported counsel fees, without her knowledge and consent.

## ARGUMENT

### POINT I

### DEFENDANT'S MOTION SHOULD BE DENIED SINCE HIS RETAINER AGREEMENT FAILS TO COMPLY WITH THE APPLICABLE NEW YORK STATE RULES GOVERNING ARBITRATIONS IN CIVIL MATTERS

A. 22 N.Y.C.R.R. § 137.2 REQUIRES DISMISSAL OF DEFENDANT'S MOTION

The *sine qua non* of the power of a court to stay an action pending arbitration is the existence of a valid arbitration agreement. *Dean Witter Reynolds Inc. v. Bird*, 470 U.S. 214, 105 S. Ct. 1238, 84 Lawyers Ed.2d 158 (1985); *McDonnell-Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825 (2nd Cir. 1988); 9 U.S.C.A. §3.

As Defendant's memorandum correctly points out at page 3, the determination of whether a dispute is arbitrable is a two-step inquiry: Did the parties agree to arbitrate, and does the scope of that agreement encompass the asserted claims?

The answer here in both cases is no. Paragraph 13 of the retainer agreement cannot be an agreement to arbitrate since it fails to comply with the New York State rules governing counsel fee arbitration and since those rules limit the scope of an arbitrable controversy to a "fee dispute," and this is not a "fee dispute."

3

The Fee Dispute Arbitration Program, 22 N.Y.C.R.R., Part 137, sets forth the basis upon which a client may opt for an arbitration of a fee dispute with an attorney.

§ 137.2 provides in part as follows:

§ 137.2 General
(a) In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.
(b) The client may consent in advance to submit fee disputes to arbitration under this Part. <u>Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official written instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part</u>. (Emphasis added.)
(c) ....
(d) The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part. <u>Such consent shall be in writing in a form prescribed by the Board of Governors</u>. Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part. (Emphasis added.)

Puccio's retainer with Waxman, annexed as Exhibit B to his counsel's moving affirmation, provides at paragraph 13:

"13. You have the right to pursue binding arbitration in the event of a fee dispute, in which event we will, at your request, provide you with information as to the procedure. In the event that you do not elect such an arbitration, at our election, any dispute may be resolved by arbitration in New York City pursuant to the then-obtaining rules of the American Arbitration Association. Judgment may be entered on the award of any arbitrator in any court having jurisdiction thereof."

While the first sentence of paragraph 13 appropriately agrees in advance to fee dispute arbitration brought by the client pursuant to Part 137, the balance of this paragraph, which purports to be an advance consent to an arbitral forum other than that created under Part 137, is unenforceable since it violates New York State civil fee arbitration rules.

4

Defendant argues that the second and third sentences of paragraph 13 are an advance agreement by Plaintiff to arbitrate a "fee dispute." But this action is not a fee dispute. Defendant never billed Plaintiff for his services, and until such time as Defendant proposes a fee (and advises Plaintiff as to how much he has received on account), Plaintiff can have no position on that fee and there can be no fee dispute. Nor is there any justification for reading the clause to encompass disputes other than fee disputes. Since "any dispute" in the fourth line can only refer back to "fee dispute" in the first line. In any case, as this clause was drafted by Defendant, any ambiguity in it must be read against him. *Bennett v. Ky. Dep't of Educ.*, 470 U.S. 656, 666, 105 S. Ct. 1544, 1551, 84 L. Ed.2d 590 (1985); *M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 435 F.3d 127, 142 (2005); *Westview Assocs. v. Guar. Nat'l Ins. Co.*, 95 N.Y.2d 334, 339, 740 N.E.2d 220, 222, 717 N.Y.S.2d 75, 77 (2000).

But even if this case were about Defendant's fee, rather than about his malpractice, misfeasance and malfeasance, paragraph 13 would still be unenforceable as an advance consent to arbitration since it utterly fails to comply with Part 137 in that there is no language as required by the rule in Puccio's retainer agreement, nor has Puccio produced any writing, which, specifically states that Waxman has

> "...<u>read the official instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part</u>." (Emphasis added.) 22 N.Y.C.R.R. § 137.2(b).

Nor has Defendant provided the consent to arbitration required by §137.2(d) ("...<u>such consent shall be in writing in a form prescribed by the Board of Governors</u>."). (Emphasis added.) 22 N.Y.C.R.R. §137.2(d).

5

B.  ANY ADVANCE CONSENT BY PLAINTIFF TO ARBITRATION WAS PROCURED IMPROPERLY AND UNENFORCEABLY

§137.2(b) and §137.2(d) of Part 137 permit a retainer agreement to contain the advance consent of the client to submit "fee disputes" to arbitration -- either pursuant to subparagraph (b) under Part 137 or pursuant to subparagraph (d) -- to an arbitrable forum other than one created under Part 137. However, even were this a "fee dispute," both of those advance consents require documentation that is not present here. For the advance consent provision of paragraph 13 of Defendant's retainer agreement to be effective, there must either be a "...writing that specifies that the client has read the official written instructions and procedures for Part 137 and that the client agrees to resolve fee disputes under [Part 137]" (§137.2[b]), or a "...writing in a form prescribed by the Board of Governors [of the New York State Fee Dispute Resolution Program]" (137.2[d]).

Neither writing exists here, and therefore the provision of paragraph 13 of the retainer agreement that purports to consent in advance to arbitration before the American Arbitration Association is void and unenforceable under the plain language of §137.2.

C.  <u>22 N.Y.C.R.R. § 137.1 REQUIRES DISMISSAL OF DEFENDANT'S MOTION</u>

The second step in this Court's inquiry is to determine whether or not "...the scope of the agreement [to arbitrate] encompasses the asserted claims." *Deloitte Noraudit A/S v. Deloitte Haskins & Sells*, 9 F.3d 1060, 1063 (2nd Cir. 1993). Even if paragraph 13 were an enforceable arbitration agreement, and Defendant had properly obtained Plaintiff's advance consent to arbitrate a dispute with Defendant in some other arbitral forum such as the American Arbitration Association, she could not have and did

not agree to arbitrate the non-fee issues raised by this complaint since they are expressly non-arbitrable under Part 137.

22 N.Y.C.R.R. § 137.1(b) sets out the scope of attorney-client fee arbitration and provides in relevant part:

> (b) This Part shall not apply to any of the following:
> (1) ...;
> (2) amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;
> (3) claims involving substantial legal questions, including professional malpractice or misconduct;
> (4) claims against an attorney for damages or affirmative relief other than adjustment of fee;
> (5) ...;
> (6) ...;
> (7) ...;
> (8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

The plain language of the preceding subdivisions of §137.1(b) make clear that there is no basis for Defendant to demand arbitration under Part 137.

Clearly, 22 N.Y.C.R.R. § 137.1 (b)(2), (3), (4) and (8) directly apply to this action.

- **Amount in Dispute.**

    The causes of action in the complaint seek damages ranging from $250,000 to $3,000,000. Thus, this dispute involves a sum of "...more than $50,000..."

- **Substantial Legal Questions, Including Professional Malpractice or Misconduct.**

    As pointed out above, this is not a fee dispute, but rather, an action for damages based upon Defendant's professional malpractice and misconduct, and clearly, therefore, not within the scope of Part 137.

7

- **Damages or Affirmative Relief other than Adjustment of Fee.**

    Since Plaintiff has never received a bill, she does not know what Defendant's "fee" might be or even whether she requires an adjustment of it. Thus, this action seeks recompense for her damages and not "adjustment of fee" and is outside the scope of §137.1(b).

- **Request for Arbitration Made by a Person Who Is Not the Client.**

    Clearly, §137.1(b)(8) was intended to remove from the scope of permissible arbitration disputes in which the request for arbitration is made by a person who is not the client or her legal representative other than as might be authorized by §§137.2(b) and 137.2(d). That is precisely the case at bar. The request for arbitration comes not from the client, but from her attorney who here moves to stay this action pending arbitration.

D.   DEFENDANT'S FAILURE TO COMPLY WITH PARTS 137 AND 1400 PRECLUDES ENFORCEMENT OF THE ARBITRATION CLAUSE

Although there appear to be no cases dealing with an application compelling arbitration when the attorney has failed to comply with Part 137's requirements for advance consent to arbitration, failure to comply with retainer requirements or other aspects of Part 137 regularly results in the attorney being unable to collect a fee. *Julien v. Machson*, 245 A.D.2d 122, 666 N.Y.S.2d 147 (1st Dept. 1997) (failure to comply with matrimonial retainer requirements under 22 N.Y.C.R.R. Part 1400 precludes attorney from recovering legal fees); *Mulcahy v. Mulcahy*, 285 A.D.2d 587, 728 N.Y.S.2d 90 (2nd Dept. 2001); *Bishop v. Bishop*, 295 A.D.2d 382, 743 N.Y.S.2d 724 (2nd Dept. 2002) ("...the failure to abide by [the matrimonial] rules '"promulgated to address abuses in the practice of matrimonial law and to protect the public"' will result in preclusion from

recovering... legal fees"), 295 A.D.2d 382 at 383; *Kaplowitz v. Newman*, 185 Misc.2d 205, 713 N.Y.S.2d 115 (App. Term 2nd Dept. 2000). By analogy, therefore, Puccio's failure to comply with the requirements of Part 137 must deprive him of any right he would have to enforce an advance consent to arbitration either under Part 137 or in a different arbitral forum. Thus, as a result of Defendant's failure to conform his conduct to the matrimonial rules, paragraph 13 of the retainer agreement cannot constitute an enforceable arbitration agreement.

## CONCLUSION

Contrary to Puccio's contention, the Federal Arbitration Act does not apply to this action since there is no enforceable agreement to arbitrate anything but a "fee dispute" at the request of Plaintiff, and Plaintiff has neither asserted a fee dispute nor sought arbitration. Furthermore, even if there were an enforceable agreement to arbitrate, its permissible scope would not encompass the issues raised by the complaint herein.

As this motion is founded on the false assertion that Plaintiff agreed in advance to arbitrate any dispute with Defendant, it must be denied.

Dated: New York, New York
August 23, 2006

_____
Howard Benjamin (HB - 4723)

Kenneth David Burrows
Of Counsel