UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANITA WAXMAN,

                Plaintiff,

-v-

THOMAS PUCCIO,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/07

Case No. 05-CV-10503 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

The parties are instructed to submit letter briefs to the Court by 5:00 p.m. on Thursday, August 16, 2007. The letter briefs shall be no more than five (5) pages. Replies, if any, are due by 5:00 p.m. on Monday, August 20, 2007 and shall be no more than two (2) pages. The letter briefs shall address the following:

(1) Rule 19 of the Federal Rules of Civil Procedure "protects the rights of an absentee party," and the Court may consider *sua sponte* the non-joinder of an indispensable party "even if it is not raised by the parties to the action." *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 382-83 (2d Cir. 2006). Is Defendant's law firm, the Law Offices of Thomas P. Puccio, an indispensable party to this case?

(2) If so, what state or states is the law firm a citizen of? The Court notes that depending on the organization of the law firm and whether any partner of the firm is a citizen of New York, the law firm could be considered a citizen of New York, and therefore joinder of the law firm as a defendant could destroy diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation [is] deemed . . . a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per

curiam) ("[A] sole proprietorship has no legal existence apart from its owner."); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[A] partnership has the citizenship of each of its partners."); *Handelsman v. Bedford Vill. Assoc.'s Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (explaining that the citizenship of limited liability companies and limited partnerships are determined by reference to the citizenship of their members).

(3) The FAA provides for the enforcement of written agreements to arbitrate when such agreements are maritime transactions or contracts "evidenc[ing] a transaction involving interstate commerce." 9 U.S.C. § 2. Does the retainer agreement at issue in this case evidence a transaction involving interstate commerce? The Court notes that the term "involving commerce" in the FAA is the "functional equivalent" of the term "affecting commerce"—words of art relating to Congress' Commerce Clause powers. *The Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (per curiam) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995)).

SO ORDERED.

Dated:   August 9, 2007
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　／s／ Kenneth M. Karas
                                              KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE

2